IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clark D. Thomas, also known as George K. Nichols,  ) ) ) | C/A No. 2:17-1958-MBS |
| Plaintiff,  ) ) | |
| vs.  ) ) | **OPINION AND ORDER** |
| Charleston County, et al.,  ) ) | |
| Defendants.  ) ) | |

Plaintiff Clark D. Thomas is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at Allendale Correctional Institution in Fairfax, South Carolina. Plaintiff, proceeding pro se, filed a complaint on July 21, 2017, alleging constitutional violations of his rights to free speech, access to the courts, due process, and equal protection, as well as his right to be free from self-incrimination. Thus, Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling.

The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915 and in light of applicable precedents. The Magistrate Judge found that Plaintiff attributes his involvement with the criminal and civil justice system to a far-reaching conspiracy against him. Plaintiff asserts that he was falsely charged or coerced to plead guilty to numerous charges. Plaintiff asserts the following causes of action:

- First Cause of Action: Violation of Fourteenth Amendment Rights to Procedural Due Process of Law and Equal Protection (Against Defendants Charleston County; Gary W. Reinhart, Chief Magistrate, Lexington County, South Carolina; Katrina I. Patton, Magistrate, Dorchester County, South Carolina; and Julie J. Armstrong, Clerk of Court for the Ninth Judicial Circuit, Charleston, South Carolina, in their individual and official capacities)

- Second Cause of Action: Violation of First and Fourteenth Amendment Rights to Freedom of Speech, Petition the Government for a Redress of Grievances, Procedural Due Process of Law, and Equal Protection (Against Charleston County and Kristi L. Harrington, Judge, Ninth Judicial Circuit in Charleston County, in her individual and official capacities)

- Third Cause of Action: Violation of First, Fifth, and Fourteenth Amendment Rights to Freedom of Speech, to Petition the Government for a Redress of Grievances, to be Free From Self-Incrimination, Procedural Due Process of Law and Equal Protection (Against Charleston County; Armstrong; Axelrod and Associates, a law firm located in Horry County, South Carolina; Stuart M. Axelrod, an attorney litigating in Charleston County; D. Keith Bolus, an attorney litigating in Charleston County; Michael T. Bolus, an attorney litigating in Charleston County; Orin G. Briggs, an attorney litigating in Charleston County; Timothy M. Glover, a sergeant with the Charleston County Sheriff's Office; Kristy Goldberg, an attorney litigating in Charleston County; James B. Gosnell, Jr., Charleston County Magistrate; Edward L. Knisley, Jr., an attorney litigating in Charleston County; J.C. Nicholson, Jr., Judge, Ninth Judicial Circuit in Charleston County; Joyce C. Rueger, court reporter for the Ninth Judicial Circuit in Charleston County; Tristan Shaffer, an attorney litigating in Charleston County; Christopher L. Talbott, officer with the North Charleston Police Department; Cecil J. Terry, a private citizen residing in Charleston County; Nathan Williams, Assistant Solicitor for the Ninth Judicial Circuit in Charleston County; Ashleigh R. Wilson, Assistant Attorney General for the State of South Carolina; Scarlett A. Wilson, Solicitor for the Ninth Judicial Circuit in Charleston County; and Henry T. Woods, Judge, Family Court for the Ninth Judicial Circuit in Charleston County; all individual Defendants alleged to have acted under state law, and are sued in their individual and official capacities)

- Fourth Cause of Action: Violation of Fourteenth Amendment Rights to Procedural Due Process of Law and Equal Protection (Against Charleston County; City of Folly Beach, South Carolina; and Nichole L. DeNeane, Clerk of Court for the City of Folly Beach Municipal Court in Charleston County, in her individual and official capacities)

- Fifth Cause of Action: Violation of First and Fourteenth Amendment Rights to Freedom of Speech, to Petition the Government for a Redress of Grievances, Procedural Due Process of Law and Equal Protection (Against Charleston County; William J. Agosta, deputy with the Charleston County Sheriff's Office; Desiree R. Allen, Court Reporter Manager with South Carolina Court Administration; Jocelyn B. Cate, Judge, Family Court for the Ninth Judicial Circuit; David Guyton, Judge, Family Court for the Ninth Judicial Circuit; Laree A. Hensley, an attorney litigating in Charleston County; Sharon D. Jones, court reporter for Family Court for the Ninth Judicial Circuit; Wolfgang L. Kelly, an attorney litigating in Charleston County; Lisa A. Kinon, Judge, Family Court for the Ninth Judicial Circuit; Knisley; Judy McMahon, Judge, Family Court for the Ninth Judicial Circuit; Cathy L. Meree, a private citizen residing in Charleston County; Anne B. Meyer, court reporter with the Family Court for the Ninth Judicial Circuit; Joseph K. Qualey, an attorney litigating in Charleston County; James W. Smiley, IV, an attorney litigating in Charleston County; Rose B. Walker, court

2

reporter with the Family Court for the Ninth Judicial Circuit; and Woods, all individual Defendants in their individual and official capacities)

- Sixth Cause of Action: Violation of First and Fourteenth Amendment Rights to Freedom of Speech, to Petition the Government for a Redress of Grievances, Procedural Due Process of Law and Equal Protection (Against Charleston County; and R. Markley Dennis, Jr., Judge, Ninth Judicial Circuit, in his individual and official capacities)

- Seventh Cause of Action: Violation of First and Fourteenth Amendment Rights to Freedom of Speech, to Petition the Government for a Redress of Grievances, Procedural Due Process of Law and Equal Protection (Against Sabrina C. Todd, Assistant Disciplinary Counsel in the Office of Disciplinary Counsel with the Supreme Court of South Carolina; Leslie M. Coggiola, Disciplinary Counsel in the Office of Disciplinary Counsel with the Supreme Court of South Carolina, in their individual and official capacities)

The Magistrate Judge noted that Defendants include judges, attorneys, prosecutors, police officers, clerks of court, court reporters, court supervisors/administrators, private citizens, the "expungement clerk in the solicitor's office," the City of Folly Beach, and Charleston County. The Magistrate Judge found the following: (1) Defendants who are state officials and sued in their official capacities are entitled to sovereign immunity;[1] (2) Defendants who are state judges are entitled to absolute judicial immunity;[2] (3) court personnel are entitled to quasi-judicial immunity;[3] (4) the doctrine of respondeat superior does not apply to Defendants sued based on their supervisory positions;[4] (5) Defendants named as prosecutors are entitled to prosecutorial immunity;[5] (6) Defendants who are attorneys or law firms or "private citizens" are not "state actors" for purpose of

---

[1]This includes Defendants Glover and Agosta of the Charleston County Sheriff's Department.

[2]This includes Defendants Dennis, Cate, Gosnell, Guyton, Harrington, Kinon, McMahon, Nicholson, Patton, Reinhart, and Woods.

[3]This includes Defendants Allen, Armstrong, DeNeane, Jones, Meyer, Rueger, and Walker.

[4]This includes Defendants Allen and Coggiola.

[5]This includes Defendants Williams, Ashleigh Wilson, and Scarlett Wilson.

3

claims brought under § 1983;[6] (7) a petition for writ of habeas corpus, not a § 1983 motion, is the proper vehicle o challenge state convictions, and the holding of Heck v. Humphrey, 512 U.S. 477 (1994), bars any of Plaintiff's claims for expungement of his state criminal convictions; (8) any review of state court decisions is barred by the Rooker-Feldman doctrine; further, Plaintiff is prohibited from obtaining federal review of decisions regarding his complaints to the Office of Disciplinary Counsel;[7] (9) Plaintiff fails to state a plausible claim for conspiracy under Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), as relates to his Third Cause of Action; (10) the facts purporting to support Plaintiff's claim for defamation based on press coverage of his crimes does not implicate a constitutional violation, and a state tort claim for defamation is not actionable under § 1983; and (11) Plaintiff fails to state a plausible claim against Charleston County or the City of Folly Beach based on official policy or custom, as contemplated by Monel v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); and, finally, the Magistrate Judge found that Plaintiff fails to make any allegations against Defendants Glover, Agosta, and Talbott that would support a claim under § 1983. The Magistrate Judge found Plaintiff's allegations to be conclusory, without foundation, and patently frivolous. Therefore, the Magistrate Judge recommended that the complaint be summarily dismissed and that dismissal be counted as a "strike" under 28 U.S.C. § 1915(g). Plaintiff filed objections to the Report and Recommendation on January 12, 2018, as amended on February 2, 2018.

    The Magistrate Judge makes only a recommendation to this court. The recommendation has

---

[6]This includes Defendants Axelrod and Associates, Alexrod, Briggs, Keith Bolus, Michael Bolus, Goldberg, Hensley, Kelly, Knisley, Qualey, Shaffer, and Smiley, as well as Defendants Meree and Terry.

[7]District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This includes Defendants Coggiola and Todd.

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

## DISCUSSION

Plaintiff first contends that the Report and Recommendation contains countless flaws that gives rise to an inference that the Magistrate Judge deliberately failed to perform a reliable analysis of Plaintiff's allegations, and that she "prepared an erroneously demeaning R & R in order to punish Plaintiff for the enormity of the Verified Complaint and tally of defendants." ECF No. 39, 4. Plaintiff contends that the Magistrate Judge launched a strategy to discredit Plaintiff and undermine his credibility and engineered obstacles "to compromise the persuasiveness of Plaintiff's objections." ECF No. 39, 4-5. Plaintiff objects to the various factual findings in the Report and Recommendation regarding his involvement with the court system, his life history, and his criminal record. Plaintiff characterizes his objections as follows:

> In sum, the Verified Complaint: (1) attempts to sue state officials, in their official and individual capacities, that are not protected by immunity; (2) does not attempt to sue any individual defendants that are protected by immunity; states plausible, independent claims under § 1983 against legal counsel and several private citizens who acted under color of state law; (4) states plausible, independent claims for relief for violation of constitutional rights; (5) does not attempt to proceed against supervisors on a theory of *respondeat superior*; (6) does not attempt to characterize the state court's ruling on a claim of defamation as a constitutional violation; (7) does not seek review of state decisions; (8) does not seek to challenge Plaintiff's convictions; (9) states meritorious, independent claims against Defendants Charleston County and City of Folly Beach; (10) asserts independent claims on a legal and factual basis that are meritorious; and (11) asserts Plaintiff's Seventh Amendment right to a trial by jury.

5

ECF No. 39, 86.

The court agrees with the Magistrate Judge that Plaintiff's claims are conclusory, without basis in fact, patently frivolous, and cannot be remedied through more specific pleading.  Contrary to Plaintiff's assertions, the Magistrate Judge did not err in her interpretation of Plaintiff's claims or in applying relevant law in her thorough and detailed Report and Recommendation.  Plaintiff's objections are without merit.

The court has thoroughly reviewed the record.  The court concurs in the Report and Recommendation and incorporates it herein by reference.  Plaintiff's complaint is summarily dismissed with prejudice and without issuance and service of process.  The complaint shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina

September 15, 2020